IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NST GLOBAL, LLC, d/b/a : 
SB TACTICAL, :
: 
              Plaintiff, :
:
v. :    Civil Action No. 19-121-CFC
:
SIG SAUER, INC., :
:
             Defendant. :

Raeann Warner, JACOBS & CRUMPLAR, P.A., Wilmington, Delaware; Brittany J. Maxey-Fisher, William R. Brees, MAXEY-FISHER, PLLC, Saint Petersburg, Florida

*Counsel for Plaintiff*

Helena C. Rychlicki, PINCKNEY, WEIDINGER, URBAN & JOYCE LLC, Greenville, Delaware; Laura L. Carroll, Eric G. J. Kaviar, Anthony E. Faillaci, BURNS & LEVINSON LLP, Boston, Massachusetts

*Counsel for Defendant*

**MEMORANDUM OPINION**

July 9, 2019
Wilmington, Delaware

```
                                    [signature]
                                    COLM F. CONNOLLY
                                    UNITED STATES DISTRICT JUDGE
```

Plaintiff NST Global, LLC filed this lawsuit accusing Defendant Sig Sauer, Inc. of infringing two patents covering stabilizing braces for handguns. Defendant has moved to transfer the case to the District of New Hampshire (D.I. 15). I will grant the motion.

## I. BACKGROUND

The connections between this case and Delaware are weak. First, Defendant is incorporated in Delaware. Second, according to Plaintiff, one of the accused products can be purchased from a store in Delaware, *see* D.I. 19 at 4–5, although Defendant stresses that it "has no distributers or dealers in Delaware, and does not ship to any distributors or wholesale customers in Delaware," *see* D.I. 30 at 6. No other facts connect this case to Delaware.

The connections between this case and New Hampshire are strong. Plaintiff has a place of business in New Hampshire. *See* D.I. 19 at 3. Defendant maintains its corporate headquarters and four other facilities in New Hampshire. *See* D.I. 16 at 13–14. The accused products were designed in New Hampshire. *See id.* at 3.

## II. DISCUSSION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that this action could have been brought in the District of New Hampshire, where Defendant is headquartered. Thus, the only issue before me is whether I should exercise my discretion under § 1404(a) to transfer the case to New Hampshire.

Defendant has the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This burden is heavy. "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id.* (emphasis in original) (internal quotation marks and citation omitted).

The proper interests to be weighed in deciding whether to transfer a case under § 1404(a) are not limited to the three factors recited in the statute (i.e., the convenience of the parties, the convenience of the witnesses, and the interests of justice). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the court in *Jumara* identified 12 interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may

2

actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

[7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citations omitted). As the parties have not identified relevant factors beyond these 12 interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

### 1. PLAINTIFF'S FORUM PREFERENCE

This factor clearly weighs against transfer and is to be given "paramount consideration" in applying the *Jumara* factors. *See VLSI Tech. LLC v. Intel Corp.*, 2018 WL 5342650, at *2–6 (D. Del. Oct. 29, 2018).

### 2. DEFENDANT'S FORUM PREFERENCE

This factor favors transfer.

### 3. WHETHER THE CLAIM AROSE ELSEWHERE

This factor bears only slightly on the transfer analysis. On one hand, it is undisputed that the accused products were designed in New Hampshire, which

3

favors transfer. *See In re Hoffmann–La Roche, Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). On the other hand, patent claims arise wherever the allegedly-infringing products are sold, *Treehouse Avatar LLC v. Valve Corp.*, 170 F. Supp. 3d 706, 710 (D. Del. 2016) (first citing 35 U.S.C. § 271(a); then citing *Red Wing Shoe Co., Inc. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998)), and it appears that at least one of the accused products is offered for sale in Delaware. Overall, this factor weighs in favor of transfer, but only slightly.

### 4. THE CONVENIENCE OF THE PARTIES AS INDICATED BY THEIR RELATIVE PHYSICAL AND FINANCIAL CONDITION

This factor is neutral. Defendant's size, financial resources, and status as a Delaware corporation negate any implication that litigating this case in Delaware would cause it inconvenience. As a Delaware corporation with global operations, Defendant can demonstrate "inconvenien[ce]" for § 1404(a) purposes only if it "prove[s] that litigating in Delaware would pose a unique or unusual burden on [its] operations." *Graphics Props. Holdings Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013) (second alteration in original) (internal quotation marks and citation omitted); *see also ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."). Defendant does not present any facts

4

that suggest that litigating this case in Delaware would pose any "unique," "unusual," or "unexpected" burden on its operations. This factor is therefore neutral.

### 5. THE CONVENIENCE OF THE WITNESSES

This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879; *see also Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting that this factor applies only insofar as "a witness actually will refuse to testify absent a subpoena"). In addition, "witnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). In considering this factor, "the Court should be particularly concerned not to countenance undue inconvenience to third-party witnesses . . . who have no direct connection to the litigation." *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 757 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012).

Defendant identifies one potential non-party witness, John Wilson, who may actually be unavailable for trial in Delaware. Defendant hired Wilson as a consultant in connection with the design of the accused products. According to Defendant, Wilson lives in East Waterboro, Maine; and he could therefore be

5

subpoenaed to testify at a trial in New Hampshire, but not in Delaware. *See* D.I. 16 at 16–17; D.I. 30 at 5. Plaintiff does not dispute the necessity of Wilson's testimony, responding only that Wilson could be deposed instead of testifying live. *See* D.I. 19 at 13. The fact that a necessary, non-party witness could be subpoenaed to testify in New Hampshire but not in Delaware weighs in favor of transfer. But because there is no indication that Wilson would refuse to testify at trial in Delaware, and because Defendant identifies only one potentially unavailable witness, this factor overall weighs only slightly in favor of transfer.

### 6. THE LOCATION OF BOOKS AND RECORDS

*Jumara* instructs me to give weight to the location of books and records only "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." 55 F.3d at 879. Because the parties identify no documentary evidence that would be available in only one of the two fora, this factor is neutral. *See Signal Tech, LLC v. Analog Devices, Inc.*, 2012 WL 1134723, at *3 (D. Del. Apr. 3, 2012).

### 7. ENFORCEABILITY OF THE JUDGMENT

This factor is neutral.

### 8. PRACTICAL CONSIDERATIONS

*Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. Practically

speaking, New Hampshire is a more convenient forum for the parties than Delaware is, and litigating this case in New Hampshire would be generally more efficient. Both parties maintain a place of business in New Hampshire, and neither party has operations in Delaware. The accused products were designed in New Hampshire. It would be more convenient for Defendant to produce its witnesses and documents in New Hampshire, because most of its relevant employees and documents are already located in New Hampshire. Plaintiff's witnesses are likely to come from either New Hampshire or Florida, making New Hampshire at least as convenient as Delaware for Plaintiff. The relative simplicity of producing potential party witnesses and documents in New Hampshire weighs strongly in favor of transfer.

### 9. RELATIVE ADMINISTRATIVE DIFFICULTY DUE TO COURT CONGESTION

This factor is neutral, as both districts have congested dockets.

### 10. LOCAL INTEREST IN DECIDING LOCAL CONTROVERSIES AT HOME

Because "[p]atent issues do not give rise to a local controversy or implicate local interests," *TriStata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008), this factor is neutral.

## 11. PUBLIC POLICIES OF THE FORA

Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware courts. *See Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). That concern is irrelevant since Plaintiff is not a Delaware corporation, and Defendant, which is a Delaware corporation, does not want to litigate here. *See Semcon Tech, LLC v. Intel Corp.*, 2013 WL 126421, at *4 (D. Del. Jan. 8, 2013). This factor is thus neutral.

## 12. FAMILIARITY OF THE TRIAL JUDGES WITH THE APPLICABLE STATE LAW IN DIVERSITY CASES

The claims arise under the federal patent laws. Therefore, the familiarity of the respective districts with state law is not applicable, and this factor is neutral.

## III. CONCLUSION

In sum, of the 12 *Jumara* factors, four favor transfer to varying degrees, one weighs strongly against transfer, and the other seven are neutral. Having considered the factors in their totality and given Plaintiff's choice of this forum paramount consideration, I find that Defendant has demonstrated that the *Jumara* factors weigh strongly in favor of transfer. I will therefore grant Defendant's motion to transfer this case to New Hampshire (D.I. 15).